## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KANEKA CORPORATION,
A Japanese Corporation

          Plaintiff,

     *v.*

GLANBIA NUTRITIONALS, INC.,
A Delaware Corporation,

       and

ANTHEM BIOSCIENCES PRIVATE
LIMITED, An Indian Company,

          Defendants.

**TRIAL BY JURY DEMANDED**

**C.A. No. _____**

## COMPLAINT

Plaintiff Kaneka Corporation ("Kaneka") files this Complaint for Patent Infringement and Demand for Jury Trial against Glanbia Nutritionals Inc. ("Glanbia") and Anthem BioSciences Private Limited ("Anthem").

## NATURE OF THE ACTION

1.     This is an action for Patent infringement under the laws of the United States, Title 35, United States Code by Kaneka against Glanbia and Anthem, ("the Defendants'").

2.     This action arises from the Defendants' manufacture, use, offer for sale and sale in the United States of the supplement Ubiquinol Acetate, which is made by Anthem and being offered for sale and sold by Glanbia under the trademark "ActiQuinol 10." These activities

9180346.3

infringe, either literally or under the doctrine of equivalents, induces others to infringe, and contributes to the infringement of two Patents owned by Kaneka.

## THE PARTIES

3.      Kaneka is a Japanese Corporation with a head office at 1-12-32, Akasaka, Minato-Ku, Tokyo, Japan, and a head office at 2-3-18, Nakanoshima, Kita-Ku, Osaka, Japan.

4.      Glanbia is a Delaware Corporation at 227 W. Monroe Street, Chicago, IL, 60606. Glanbia may be served with process through its registered agent, Corporate Creations Network, Inc., 3411 Silverside Road, Tatnall Building, Suite 104, Wilmington, Delaware 19810.

5.      Anthem is an Indian Company with a principal place of business at No. 49, Canara Bank Road, Bommasandra Industrial Area Phase I, Hoser Road, Bengaluru, Karnataka, 560099, India.  Anthem may be served with process under the Delaware long arm statute.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

7.      Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery, this Court has personal jurisdiction over the Defendants.

8.      This Court has personal jurisdiction over Glanbia as Glanbia is a Delaware Corporation.

9.      This Court has personal jurisdiction over Anthem because Anthem manufactures, imports, and delivers the infringing product Ubiquinol Acetate to Glanbia with full knowledge that Glanbia will offer to sell and sell the infringing product within the District and in this State, giving rise to this action, and/or have established minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

This Court also has personal jurisdiction over Anthem because Anthem is a known and experienced importer of products into the United States having imported and fulfilled at least 600 different orders from United States chemical and pharmaceutical companies in 2019 alone, showing that Anthem has minimum contacts with the United States as a whole.

10.    This Court additionally has personal jurisdiction over the Defendants because the Defendants have knowingly induced and/or contributed to infringement within this District by advertising, marketing and offering for sale Ubiquinol Acetate products within this District, to consumers, customers, distributers, resellers, partners and/or end users, and providing instructions, advertising, and/or marketing materials that facilitate, direct or encourage the use of Ubiquinol Acetate.

11.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

Kaneka's Innovations

12.    Kaneka Corporation is an international company that produces a number of different products at plants around the world.  It has also been the world's premier supplier of Coenzyme $Q_{10}$ ("$CoQ_{10}$") supplements for more than 40 years.  $CoQ_{10}$ is found in every cell of the human body.  The human body makes $CoQ_{10}$ and the cells use it to produce energy that the human body needs for cell growth and cell maintenance.  It also protects the body from damage caused by harmful molecules.  $CoQ_{10}$ levels in the body decrease with age, which explains why millions of people take Kaneka $CoQ_{10}$ on a daily basis.  Kaneka sells $CoQ_{10}$ as a nutritional supplement, similar to vitamins.

13.    There are two types of $CoQ_{10}$.  The oxidized form is known as Ubiquinone, and the reduced form is known as Ubiquinol.  Kaneka was the first industrial scale manufacturer of

Ubiquinone, starting in 1977.  When exposed to air, reduced $CoQ_{10}$ (Ubiquinol) quickly undergoes a chemical reaction—oxidation—and converts to oxidized $CoQ_{10}$ (Ubiquinone). Kaneka was the first manufacturer in the world to succeed in the development of technology to stabilize Ubiquinol so that it did not quickly oxidize when exposed to air.  Kaneka began sales of Ubiquinol in the U.S. in 2006.  Ubiquinol Acetate is the reduced form of $CoQ_{10.}$

14.    During its 40 year history of producing $CoQ_{10}$ products, Kaneka has supported hundreds of $CoQ_{10}$ clinical research studies at universities and hospitals around the globe. Kaneka has focused its research support by working with top, independent academic research institutions conducting research into the functionality and health benefits of all forms of $CoQ_{10}$ to ensure that the $CoQ_{10}$ products made by Kaneka are safe and effective.  All $CoQ_{10}$ products made by Kaneka have satisfied all applicable FDA requirements and other government agency requirements for safety and efficacy.  Kaneka has ensured the safety and efficacy of its $CoQ_{10}$ products for the entire 40 year history of producing these products.

15.    Over this 40 year period, Kaneka has been granted over 37 U.S. Patents covering the production of $CoQ_{10}$ products, and numerous $CoQ_{10}$ related Patents issued in other countries around the world.

The Asserted Patents

16.    United States Patent No. 7,145,044 ("the '044 Patent") titled "Method for Producing Reduced Coenzyme $Q_{10}$ Using Solvent with High Oxidation-Protective Effect" was duly issued on December 5, 2006, and remains unexpired.  A true and correct copy of the '044 Patent is attached as Exhibit A and is assigned to and owned by Kaneka Corporation.

17.    United States Patent No. 7,829,080 ("the '080 Patent") titled "Stabilization Method for of Reduced Coenzyme $Q_{10}$" was duly issued on November 9, 2010, and remains

unexpired.  A true and correct copy of the '080 Patent is attached hereto as Exhibit B and is assigned to and owned by Kaneka Corporation.

The Defendants' Infringing Product and Activities

18. The Accused Product is Ubiquinol Acetate, produced by Anthem in India, imported into the United States by Anthem, delivered to Glanbia and marketed, advertised, offered for sale and/or sold by Glanbia (*see* Exhibit C).

19. Glanbia advertises Ubiquinol Acetate on its website under the trade name ActiQuinol[10] (*see* https://www.glanbianutritionals.com/en/actiquinol10).   On its website, Glanbia claims that Ubiquinol Acetate is more stable than standard Ubiquinol and is more bioavailable than Ubiquinone and standard Ubiquinol.  Upon information and belief, Glanbia's claims of enhanced stability and bioavailability are false and misleading.

20. Attached as Exhibit D is a description of the manufacturing process used by Anthem to produce Ubiquinol Acetate.  The basic steps in the process are as follows:

i.    Reduce a suspension of Ubiquinone coenzyme $Q_{10}$ in n-heptane with a reducing agent to produce Ubiquinol.

ii.   Filter the Ubiquinol through a celite bed and wash with water,

iii.  Dry the Ubiquinol  with sodium sulphate and filter through a Nutsche filter,

iv.   Acetylate the Ubiquinol with acetic anhydride in the presence of base between 25°c to 30°c for 12 hours to produce Ubiquinol Acetate,

v.    Filter and dry the final product.

21. The Defendants have infringed one or more claims of the Asserted Patents and continue to infringe (literally and under the doctrine of equivalents), directly, indirectly, and/or

through agents or intermediaries by making, using, offering for sale and/or selling the Accused Product in the United States.

22.   The Defendants' customers (including distributors and retailers) have infringed and/or continue to infringe (literally and under the doctrine of equivalents) directly, indirectly, and/or through agents or intermediaries, one or more claims of the Asserted Patents by using, offering for sale, and/or selling the Accused Product in the United States.

23.   The Defendants' infringement has caused, is causing, and will continue to cause Kaneka to suffer damage, and Kaneka is entitled to recover damages in an amount proven at trial, but no less than a reasonable royalty as provided by 35 U.S.C. § 284.

## COUNT I
### (Infringement of the '040 Patent)

24.   Kaneka incorporates each of the preceding paragraphs as if fully set forth herein.

25.   Defendants' have been and are now directly infringing, either literally or under the doctrine of equivalents, the '044 Patent in violation of 35 U.S.C. § 271(a) and/or 35 U.S.C. § 271(g) by making, using, offering for sale, and/or selling in the United States products that infringe the claims of the '044 Patent, including the Accused Products.

26.   By way of example, claim 14 of the '044 Patent reads as follows:

"14). A method of producing reduced coenzyme $Q_{10}$ which comprises using at least one species selected from among hydrocarbons exclusive of hexane, fatty acid esters and nitriles as a solvent in synthesizing reduced coenzyme $Q_{10}$ by reduction of oxidized coenzyme $Q_{10}$ and thereby protecting reduced coenzyme $Q_{10}$ from oxidation".

27.   Exhibit D shows that Anthem uses the solvent N-heptane, which is a solvent selected from among hydrocarbons exclusive of hexane, fatty acid esters, and nitrates.  N-heptane, along with a reducing agent, is used to reduce coenzyme $Q_{10}$ to produce Ubiquinol Acetate.  Glanbia, in its advertising, admits that its ActiQuinol 10 product "has a lack of sensitivity to oxygen exposure for consistent stability"(*see* https://www.glanbianutritionals.com/en/actiquinol10) meaning that the reduced $Q_{10}$ is protected from oxidation.  Defendants thereby directly infringe claim 14 of the '044 Patent.

28.   By way of example, claim 17 of the '044 Patent reads as follows:

"17). A method for preparing reduced coenzyme $Q_{10}$  which comprises using a hydrocarbon and/or an ether as a solvent in a deoxygenated atmosphere in synthesizing reduced coenzyme $Q_{10}$ by reduction of oxidized coenzyme $Q_{10}$ and thereby protecting reduced coenzyme $Q_{10}$ from oxidation".

29.   Exhibit D shows that Anthem uses the solvent N-heptane, which is a hydrocarbon, along with a reducing agent to reduce oxidized coenzyme $Q_{10}$ to produce reduced Coenzyme $Q_{10.}$  Glanbia's advertising admits that its product is protected from oxidation.  Upon information and belief, Anthem uses a deoxygenated atmosphere when producing reduced coenzyme $Q_{10}$. Defendants thereby directly infringe claim 17 of the '044 Patent.

30.   Defendants' infringement of Claims 14 and 17 of the '044 Patent is further detailed in the claim charts attached as Exhibit E.

31.   The Defendants have been and are now indirectly infringing the '044 Patent in violation of 35 U.S.C. § 271(b) by actively inducing the direct infringement of the '044 Patent by their distributors, retailers and customers, including at least by making, using, offering for sale and/or selling Ubiquinol Acetate in the United States.

32.    The Defendants have been and are now indirectly infringing the '044 Patent in violation of 35 U.S.C. § 271(c) by contributing to the direct infringement of the '044 Patent by their distributors, retailers and customers.

33.    As a consequence of the Defendants' infringement of the '044 Patent, Kaneka has suffered, is suffering, and will continue to suffer damages in an amount not yet determined, but no less than a reasonable royalty.

## COUNT II
### (Infringement of the '080 Patent)

34.    Kaneka incorporates each of the preceding paragraphs as if fully set forth herein.

35.    Defendants have been and are now directly infringing, either literally or under the doctrine of equivalents, the '080 Patent in violation of 35 U.S.C. § 271(a) and/or 35 U.S.C. § 271(g) by making, using, offering for sale, and/or selling in the United States products that infringe the claims of the '080 Patent, including the Accused Products.

36.    By way of example, claim 5 of the '080 Patent reads or follows;

"5) A reduced coenzyme Q10-containing composition comprising reduced coenzyme Q10 and one or both of (a) and (b): (a) not less than 1.5 wt % to not more than 99 wt % of reduced coenzyme Q9 relative to reduced coenzyme Q10, and (b) reduced coenzyme Q11 wherein not less than 0.01 wt % of reduced coenzyme Q10 is contained in the composition, and wherein the proportion of reduced coenzyme Q10 relative to the total amount of coenzyme Q10 is not less than 90 wt %."

37.    Anthem produces Ubiquinol Acetate which is reduced coenzyme $Q_{10}$. Kaneka conducted tests on Ubiquinol products produced by Anthem and those test showed that Anthem Ubiquinol Acetate contains 0.267 wt % $Q_{11}$.  Exhibit D, Anthem's Certificate of Analysis, shows

-8-

that the amount of reduced coenzyme in the composition is 98.9%. Accordingly, Defendants' directly infringe claim 5 of the '080 Patent. For the same reasons, Defendants' also infringe directly at least claims 1 and 15 of the '080 Patent.

38.    Defendants' infringement of Claims 1, 5, and 15 of the '080 Patent is further detailed in Exhibit E.

39.    The Defendants' also have been and are now indirectly infringing the '080 Patent in violation of § 271(b) by actively inducing the direct infringement of the '080 Patent by their distributors, retailers and customers, including at least by making, using, offering for sale, and/or selling the Accused Products.

40.    The Defendants have been and are now indirectly infringing the '080 Patent in violation of § 271(c) by contributing to the direct infringement of the '080 Patent by their distributors, retailers and customers.

41.    As a consequence of the Defendants' infringement of the '080 Patent, Kaneka has suffered, is suffering, and will continue to suffer damages in an amount not yet determined, but no less than a reasonable royalty.

## PRAYER FOR RELIEF

**WHEREFORE**, Kaneka requests the following relief:

a)    A judgment that the Defendants' have infringed the '044 Patent;

b)    A judgment that the Defendants' have infringed the '080 Patent;

c)    Damages adequate to compensate for Defendants' infringement but, in no event, less than a reasonable royalty on past and future infringing sales;

d)    An award of Kaneka's costs and expenses in this action,

e)    Entry of a preliminary and permanent injunction, pursuant to 35 U.S.C. § 283 enjoining each of the Defendants, and all of their respective agents, servants, officers, directors, employees, and all other persons acting in concert with them, directly or indirectly, from any further acts of infringement.

f)    Such further and other relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Kaneka demands a trial by jury on all issues triable as of right by a jury.

Dated: February 18, 2020

**BAYARD, P.A.**

OF COUNSEL

/s/ Stephen B. Brauerman
Stephen B. Brauerman

Keith D. Nowak
William F. Sondericker
Gerald W. Griffin
CARTER LEDYARD & MILBURN, LLP
Two Wall Street
New York, New York 10005
212-238-8610

600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com

*Attorneys Kaneka Corporation*

-10-